# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

15 JF
#3

No Fee / IFP

| | |
|---|---|
| Mohamed Bouidia (A074833641)<br><br>vs.<br>Merrick Garland<br>(Attorney General),<br>Alejandro Mayorkas<br>(Secretary of the Department of Homeland Security),<br>Jeffrey Searls<br>(Field Office Director of ICE-ERO),<br>L. J. Oddo<br>(Warden- Moshannon Valley Processing Center, Philipsburg PA) | Case No. 3:23-232<br><br>FILED<br>SEP 26 2023<br>CLERK U.S. DISTRICT COURT<br>WEST. DIST. OF PENNSYLVANIA |

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C § 2241

Petitioner, Mohamed Bouidia, hereby petitions this court for a writ of Habeas Corpus to remedy Petitioner's unlawful detention by the Respondent. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows-

### CUSTODY

Petitioner is in physical custody of the respondent, L. J. Oddo, who as the warden/superintendent of Moshannon Valley Processing Center in Philipsburg, PA is the primary custodian of the petitioner. As per Habeas regulations he is also the primary respondent for the purposes of writ of Habeas Corpus.

### JURISDICTION

The action of this writ arises under provisions of law under the constitution of United States and the Immigration and Nationality Act("INA"), 8 U.S.C § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act("APA"), 5 U.S.C § 701 et seq.

This court has jurisdiction under 28 U.S.C § 2241; art. I § 9, cl. 2 of the Suspension Clause in the United States constitution.; and 28 U.S.C § 1331, as petitioner is currently in custody under color of the authority of the United States, and such custody is in violation of the constitution, laws or treaties of the United States. This court may grant relief pursuant to 28 U.S.C § 2241, 5 U.S.C § 702, and the All Writs Act, 28 U.S.C § 1651.

## EXHAUSTION OF REMEDIES

Petitioner has exhausted any and all administrative remedies to the extent required by law. His only remedy is by the way of this judicial action. After the Supreme court decision in *Zadvydas*, the Department of Justice issued regulations governing the custody of aliens removed. 8 C.F.R § 241.4. Petitioner received a final order of removal on 12/04/2006. Petitioner has been denied release in both his 90 and 180 day post removal order custody reviews. The custody review regulations do not provide an avenue to appeal these decisions. 8 C.F.R § 241.4(d).
No statutory exhaustion requirements apply to petitioner's claim of unlawful detention.

## VENUE

Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-500(1973), venue lies in the United States District Court for the Western District of Pennsylvania; the judicial district in which the petitioner is detained.

## PARTIES

As mentioned *supra* Mr. L.J.Oddo, the warden of the facility wherein the petitioner is currently detained is the primary respondent for the purposes of this writ. However the petitioner would also like this court to take into account that he is being held pursuant to orders by Immigration and Customs Enforcement(ICE), an agency within the Department of Homeland Security(DHS). The Attorney General of the United States and the Secretary of DHS are responsible for the administration of ICE and implementation of INA. Hence the Attorney General of the United States, The Secretary of the Department of Homeland Security and the Field Office Director of ICE-Enforcement and Removal Operations, Philadelphia under whose supervision this detention facility is run are added as co-respondents to this writ.

## FACTUAL ALLEGATIONS

Petitioner, Mohamed Bouidia, is a native and citizen of Morocco. He is ordered removed under INA § 237(a)(2)(A)(iii) on 12/04/2006. Petitioner was initially detained by ICE during the immediate period following his removal order. Petitioner was released by ICE

soon thereafter as ICE failed to remove him to Morocco in the 90-day statutory post removal period. Since that time ICE has not been able to remove the petitioner to Morocco in spite of having a final order of removal against him.

Petitioner has a conviction for Attempted Burglary-3rd Degree, Attempted Assault-2nd Degree, DWI & Criminal Possession of Controlled Substance-7th Degree, DWI-previous Conviction of Designated Offense within 10 years and DWI-2 previous Convictions of Designated Offenses within 10 years.

In August of 2022 Petitioner started serving a 6-month sentence for his last DWI conviction at Suffolk County jail in the State of New York. Following the completion of his sentence petitioner was again taken into custody by ICE and brought to Moshannon Valley Processing Center on or about Feb. 11th 2023.

ICE initiated attempts to remove the petitioner to Morocco soon and obtained the petitioner's fingerprints for the purposes of making a travel document in April and June, 2023.

During the 90 day post removal order custody review on or about May 11th, 2023 petitioner was intimated by ICE that he will continue to remain detained as the petitioner's removal is imminent. The petitioner was also informed that there would be another periodic review on or about Aug. 11th, 2023. The petitioner was interviewed for the purposes of the 180-day post removal order review on or about July 11th, 2023. Recently the petitioner was denied his 180-day review citing they expect to receive a travel document from him through the Moroccan consulate. However it has been over 6 months since the petitioner was detained for the purposes of removal and ICE has failed to obtain either a travel document or the promise of its imminent issuance by the consulate of Morocco.

To this date ICE has failed to remove the petitioner to Morocco. Petitioner was previously given supervised release by ICE upon their failure to effectuate his removal to Morocco.

The Consulate of Morocco has not provided any travel document of the petitioner to ICE in spite of due diligence both by ICE officials and the petitioner.

The petitioner has co-operated fully with ICE officials to enable them in effectuating his removal to Morocco including but not limited to providing them with fingerprints twice.

The six-month presumptive reasonable removal period for the petitioner ended on Aug. 11th, 2023.

## CLAIMS FOR RELIEF

## COUNT ONE
## STATUTORY VIOLATION

Petitioner re-alleges and incorporates all arguments *supra* above.

Petitioner's continued detention by the Respondent violates U.S.C § 1231(a)(6), as interpreted in Zadvydas. Petitioner's ninety day statutory removal period and six-month presumptive reasonable removal period both have passed. ICE is unable to remove petitioner to Morocco. In Martinez, the Supreme Court held that the continued indefinite detention of someone like petitioner under such circumstances is unreasonable and not authorized by 8U.S.C § 1231(a)(6).

## COUNT TWO
## SUBSTANTIVE DUE PROCESS VIOLATION

Petitioner re-alleges and incorporates all arguments *supra* above.

Given the fact that ICE was unable to remove petitioner previously and their failure to obtain a travel document from Moroccan Consulate this time in spite of complete efforts and substantial passage of time, there is no significant likelihood that petitioner would be removed to Morocco in the reasonably foreseeable future.

The petitioner's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The Due Process Clause of the Fifth Amendment requires that the deprivation of the Petitioner's liberty be narrowly tailored to serve a compelling government interest. While Respondent might have a compelling government interest in assuring Petitioner's presence at the time of removal, that interest does not justify Petitioner's indefinite detention where is unlikely to be removed.

## COUNT THREE
## PROCEDURAL DUE PROCESS VIOLATION

Petitioner re-alleges and incorporates all arguments *supra* above.

Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. Petitioner in this case has been denied that opportunity. There is no administrative mechanism in place for the petitioner to obtain a decision from a neutral arbiter or appeal a custody decision. 8 C.F.R § 212.12.

A number of courts have identified a substantial bias within ICE toward the continued detention of aliens, raising the risk of an erroneous deprivation to unconstitutionally high levels. Phan v. Reno, 56 F. Supp.2d 1149, 1157 (W.D. Wash. 1999) ("INS does not meaningfully and impartially review the petitioner's 'custody status."); St. John v. McElroy, 917 F. Supp. 243, 251 (S.D.N.Y 1996) ("Due to political and community pressure, INS, an executive agency, has every incentive to continue to detain aliens with aggravated felony convictions, even though they have served their sentences, on the suspicion that they may continue to pose a danger to the community."); Rivera v. Demore, No. C 99-3042 TEH, 1999 WL 521177, *7(N.D. Cal. Jul. 13, 1999)(procedural due process requires that alien release determination be made by impartial adjudicator due to agency bias).

## PRAYER FOR RELIEF

Therefore, petitioner prays that this court grant the following relief

1. Assume jurisdiction over this matter;
2. Grant petitioner a writ of Habeas Corpus directing respondent to immediately release petitioner from custody or;
3. In the alternative direct the respondent to hold a bail bond hearing for the petitioner in front of an Immigration Judge wherein the burden of proof lies on the government to prove by a preponderance of evidence that petitioner is a danger to the community or a flight risk;
4. Enter preliminary and permanent injunctive relief enjoining Respondent from further unlawful detention of Petitioner;
5. Award petitioner's attorney fees and costs under the Equal Access to Justice Act("EAJA"), as amended, 5 U.S.C § 504 and 28 U.S.C § 2412 and on any other basis justified under law;
6. Grant any other further relief this court may deem proper.

I affirm under penalty of perjury that the foregoing assertions are true and correct.

Mohamed Bouidla
A074833641
PETITIONER
Date- 9/20/23
555 Geo Drive
Philipsburg, PA 16866

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mohamed Bouidia (A074833641)<br><br>vs.<br>Merrick Garland<br>(Attorney General),<br>Alejandro Mayorkas<br>(Secretary of the Department of Homeland Security),<br>Jeffrey Searls<br>(Field Office Director of ICE-ERO),<br>L. J. Oddo<br>(Warden- Moshannon Valley Processing Center, Philipsburg PA) | Case No. _____ |

## ORDER

Upon consideration of Petitioner Mohamed Bouidia's Petition for Writ of Habeas Corpus, it is hereby-

ORDERED that petitioner's writ be

■ **GRANTED** for-


■ **DENIED** for-


BY THE COURT:


_____
United States District Judge

## CERTIFICATE OF SERVICE

I, Mohamed Bouidia hereby certify that I served a copy of this habeas to the following parties-

1. L.J.Oddo
   Warden- Moshannon Valley Processing Center
   555 Geo Drive
   Philipsburg, PA 16866

2. Merrick Garland
   Attorney General of the United States
   U.S. Department of Justice
   950 Pennsylvania Avenue NW
   Washington, DC 20530

3. Alejandro Mayorkas
   Secretary of Department of Homeland Security
   Washington, DC 20528

4. Jeffrey Searls/ Director of Field Operations
   Immigration and Customs Enforcement
   Enforcement and Removal Operations(ERO) Division
   114 N. 8th Street
   Philadelphia, PA 19107

on    /  /2023 via prepaid USPS mail.

                                                    Mohamed Bouidia
                                                    A074833641


                                                      /  /2023